IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD LEE BROWN. | : | |
| | : | CIVIL ACTION NO.: |
| | : | 1:20-cv-3702-WMR |
| Plaintiff, | : | |
| v. | : | |
| SECRETARY ALEX AZAR, ET AL. | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Richard Lee (Rick) Brown moves for a temporary restraining order or a preliminary injunction pending trial in this matter against Defendants, Secretary Alex Azar, U.S. Department of Health and Human Services, Acting Chief of Staff Nina B. Witkofsky, and U.S. Centers for Disease Control and Prevention (collectively "CDC") vacating their September 1, 2020 Order suspending lawful evictions nationwide.

In support of his motion, Plaintiff says as follows:

1

1. Mr. Brown owns a residential property at 325 Highland Ave Winchester VA 22601 ("the property"). (Rick Brown Decl. at ¶ 3.[1]) Mr. Brown has a mortgage on the property and makes monthly payments of approximately $400 for the mortgage principal, interest and taxes. (Rick Brown Decl. at ¶ 4.)

2. On April 1, 2017, Mr. Brown leased the property to a tenant, who agree to pay monthly rent of $925. (Rick Brown Decl. at ¶ 5.) The lease automatically renewed several times and is currently in effect. (Rick Brown Decl. at ¶ 5.)

3. The tenant of Mr. Brown's property has fallen behind on rent, and asserted to Mr. Brown that she is unable to pay because of economic stress arising from the COVID-19 pandemic, has used best efforts to obtain available government assistance and otherwise pay rent, has no other home to go to, and is making less than $99,000 annually. (Rick Brown Decl. at ¶ 6.) To date, the tenant owes $8,092 in unpaid rent, and has made no payments at all to Mr. Brown for several months. (Rick Brown Decl. at ¶ 6.)

4. On September 1, 2020, Defendant Acting Chief Witkofsky issued an order titled, "*Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19.*" The order became effective upon publication in the Federal Register,

---

[1] Mr. Brown's declaration is attached hereto, marked as Exhibit A and incorporated by reference herein.

which occurred on September 4, 2020. 85 Fed. Reg. 55292 (Sept. 4, 2020), *available at* https://www.govinfo.gov/content/pkg/FR-2020-09-04/pdf/2020-19654.pdf.

5.  The order provided, "Under this Order, a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order." *Id*. The order was effective upon publication until December 31, 2020, "unless extended." *Id*. at 55297.

6.  Mr. Brown has maintained the property in compliance with all legal obligations as a landlord, and the tenant has no defense to her nonpayment of rent. (Rick Brown Decl. at ¶ 7.) He is also entitled to a writ of possession and a writ of eviction. (Rick Brown Decl. at ¶ 7.)

7.  Mr. Brown now intends to seek eviction of his tenant for nonpayment of rent using legal process in Virginia state courts. (Rick Brown Decl. at ¶ 9.) Mr. Brown intends to violate CDC's order through lawful processes under Virginia law by seeking an eviction order, and having a sheriff forcibly remove his tenant from the property. (Rick Brown Decl. at ¶ 11.) Mr. Brown intends to violate CDC's order even if his tenant presents an attestation in eviction proceedings that she is a "covered person" as defined in CDC's order. (Rick Brown Decl. at ¶ 12.) Mr. Brown

continues to provide habitable premises to the tenant, and his tenant has no defense to eviction under Virginia law. (Rick Brown Decl. at ¶ 13.)

8. Because of the CDC Order, Mr. Brown suffers significant economic damages, including $8,092 in unpaid rent, as well as monthly maintenance costs, damages to his property and the lost opportunity to rent or use the property at fair market value of at least $925 per month. (Rick Brown Decl. at ¶ 14.) The tenant is also insolvent, and Mr. Brown will not be able to obtain any economic relief or damages from the tenant. (Rick Brown Decl. at ¶ 14.) Mr. Brown's only opportunity to mitigate his loss will be from ousting the tenant who is in wrongful possession of the premises and renting the property to another tenant. (Rick Brown Decl. at ¶ 14.)

9. Mr. Brown is likely to succeed on a challenge to the CDC order because it was issued without a statutory or regulatory basis. *See* 5 U.S.C. §§ 706(B), (C).

10. Mr. Brown is likely to succeed on a challenge to the CDC order because it violates his right to access the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

11. Mr. Brown is likely to succeed on his challenge to the CDC order because it does not validly preempt state law. *See Midatlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494 (1986).

12. Mr. Brown is likely to succeed on his challenge to the CDC order because it violates the anticommandeering doctrine. *See Murphy v. NCAA*, 138 S. Ct. 1461, 1476 (2018).

13. Mr. Brown is likely to succeed on his challenge to the CDC order because it would constitute an improper delegation of legislative power. *See* U.S. Const. Art. I, § 1.

14. Mr. Brown is likely to succeed on his challenge to the CDC order because it improperly dispenses with state eviction laws. *See Matthews v. Zane's Lessee*, 9 U.S. 92, 98 (1809) (Marshall, C.J.) ("The president cannot dispense with the law, nor suspend its operation.

15. Mr. Brown will suffer irreparable harm by suffering constitutional violations that cannot be remedied as well as financial harms through lost business opportunities that cannot be recovered from the tenant or the defendants.

16. The balance of equities weighs heavily in favor of an injunction or temporary restraining order because it is the public interest to ensure the CDC complies with constitutional and statutory limits.

17. Notice should not be required prior to enjoining Defendants because the CDC order is unlawful and had immediate nationwide effect.

18. CDC's order purports to void the substantive law of every state and locality in the United States, and an immediate ruling is necessary to preserve the status quo.

19.  Mr. Brown has attested to the irreparable harm that he has suffered because of the order, and an immediate ruling is necessary to prevent further harms. (Rick Brown Decl. at ¶ 14.)

20.  Counsel for Mr. Brown has sent copies of the Complaint, motion and accompanying memorandum of law by FedEx overnight to all Defendants, by email and overnight courier to the United States Attorney for the Northern District of Georgia and by email and overnight courier to the United States Attorney General. WHEREFORE the Court should issue a preliminary injunction or temporary restraining order prohibiting defendants from enforcing the CDC order.

September 8, 2020

        Respectfully,

        */s/ James W. Hawkins*
        James W. Hawkins
        Georgia State Bar No. 338767
        JAMES W. HAWKINS, LLC
        5470 Blair Valley Run
        Cumming, GA 30040
        V: 678-697-1278
        F: 678-540-4515
        jhawkins@jameswhawkinsllc.com

        */s/ Caleb Kruckenberg*
        **Caleb Kruckenberg**
        Litigation Counsel
        New Civil Liberties Alliance
        1225 19th St. NW, Suite 450

Washington, DC 20036
caleb.kruckenberg@ncla.legal
(202) 869-5210
*Motion to Appear Pro Hac Vice*
*Forthcoming*
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing court filing has been prepared in 14-point Times New Roman font and complies with LR 5.1, NDGa and LR 7.1(D), NDGa.

/s/ James W. Hawkins
James W. Hawkins
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ James W. Hawkins
James W. Hawkins
*Counsel for Plaintiff*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD LEE BROWN.                         :
                                           :   CIVIL ACTION NO.:
                                           :
                                           :
                                           :
            Plaintiff,                     :
                                           :
        v.                                 :
                                           :
SECRETARY ALEX AZAR, ET AL.                :
                                           :
            Defendants.                    :

## **<u>DECLARATION OF RICHARD LEE BROWN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

I, Richard Lee Brown, declare under penalty of perjury that the following is true and correct to the best of my present knowledge, information and belief:

   1. I am a resident of the Commonwealth of Virginia and the Plaintiff in this matter.

   2. I have reviewed the Complaint in this matter and verify the factual allegations set out therein.

   3. I own a residential property at 325 Highland Ave Winchester VA 22601 ("the property").

   4. I have a mortgage on the property and makes monthly payments of approximately $400 for the mortgage principal, interest and taxes.

5. On April 1, 2017, I leased the property to a tenant, who agree to pay monthly rent of $925. The lease automatically renewed several times and is currently in effect.

6. The tenant of my property has fallen behind on rent, and told me that she is unable to pay because of economic stress arising from the COVID-19 pandemic, has used best efforts to obtain available government assistance and otherwise pay rent, has no other home to go to, and is making less than $99,000 annually. To date, the tenant owes $8,092 in unpaid rent, and has made no payments at all to me for several months.

7. I have maintained the property in compliance with all legal obligations as a landlord, and the tenant has no defense to her nonpayment of rent. I am also entitled to a writ of possession and a writ of eviction under Virginia law.

8. On August 18, 2020, I attempted to have the Winchester City Sheriff's Department serve a five-day termination notice pursuant to Va. Code § 55.1-1245(f) to the tenant. Sheriff Les Taylor informed me that the Winchester City Sheriff's Department would no longer issue and serve such notices in compliance with a then-existing order by the Supreme Court of Virginia. That order expired on September 7, 2020.

9. I now intend to seek eviction of my tenant for nonpayment of rent using legal process in Virginia state courts.

10. Based on information provided to me by my tenant, I believe my tenant is a "covered person" as defined by the CDC order, and will provide a relevant affidavit to me if I initiate eviction procedures against her.

11. I intend to violate CDC's order through lawful processes under Virginia law by seeking an eviction order, and having a sheriff forcibly remove my tenant from the property.

12. I intend to violate CDC's order even if my tenant presents an attestation in eviction proceedings that she is a "covered person" as defined in CDC's order.

13. I continue to provide habitable premises to the tenant, and my tenant has no defense to eviction under Virginia law.

14. Because of the CDC Order, I have significant economic damages, including $8,092 in unpaid rent, as well as monthly maintenance costs, damages to my property and the lost opportunity to rent or use the property at fair market value of at least $925 per month. The tenant is also insolvent, and I will not be able to obtain any economic relief or damages from her. My only opportunity to mitigate my loss will be from ousting the tenant who is in wrongful possession of the premises and renting the property to another tenant.

Executed on Sept. 8th, 2020

Richard Lee Brown

3