IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD LEE BROWN, ET AL.,

   Plaintiffs,

v.

SEC. ALEX AZAR, ET AL.,

   Defendants.

CIVIL ACTION NO.:
1:20-cv-3702-WMR

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Richard Lee (Rick) Brown, Jeffrey Rondeau, David Krausz, Sonya Jones and the National Apartment Association (NAA) move for a preliminary injunction pending trial in this matter against Defendants, Secretary Alex Azar, U.S. Department of Health and Human Services, Acting Chief of Staff Nina B. Witkofsky, and U.S. Centers for Disease Control and Prevention (collectively "CDC") vacating their September 1, 2020 Order, which suspended lawful residential evictions as applied to Plaintiffs.

In support of their motion, Plaintiffs say as follows:

1. Mr. Brown owns a residential property in Winchester VA. (Rick Brown Decl. at ¶ 3.) Mr. Brown has a mortgage on the property and makes monthly payments of

1

approximately $400 for the mortgage principal, interest and taxes. (Rick Brown Decl. at ¶ 4.)

2. On April 1, 2017, Mr. Brown leased the property to a tenant, who agreed to pay monthly rent of $925. (Rick Brown Decl. at ¶ 5.) The lease automatically renewed several times and is currently in effect. (Rick Brown Decl. at ¶ 5.)

3. The tenant of Mr. Brown's property has fallen behind on rent and asserted to Mr. Brown that she is unable to pay because of economic stress arising from the COVID-19 pandemic, has used best efforts to obtain available government assistance and otherwise pay rent, has no other home to go to, and is making less than $99,000 annually. (Rick Brown Decl. at ¶ 6.) To date, the tenant owes $8,092 in unpaid rent and has made no payments at all to Mr. Brown for several months. (Rick Brown Decl. at ¶ 6.)

4. Mr. Rondeau owns a residential property in Vale, NC. (Jeff Rondeau Decl. at ¶ 3.) Starting on May 1, 2019, he rented the property for a monthly rent of $1,000. (Jeff Rondeau Decl. at ¶ 5.) The lease was renewed in May 2020 and is currently in effect. (Jeff Rondeau Decl. at ¶ 5.)

5. Mr. Rondeau's tenant had a spotty payment history, typically filing rent significantly after its due date. (Jeff Rondeau Decl. at ¶ 7.) Finally, the tenant stopped paying altogether and has not paid any rent since July 6, 2020 and now owes more than $2,100 in rent and fees. (Jeff Rondeau Decl. at ¶ 7.)

6. On August 24, 2020 a North Carolina state judge granted ejectment and ordered a sheriff to serve a writ of possession removing the tenants from the property. (Jeff Rondeau Decl. at ¶ 8.) The eviction was set to take place on September 21, 2020. (Jeff Rondeau Decl. at ¶ 9.)

7. Mr. Krausz owns a residential own a residential property in Columbia SC, which he leased to a tenant for a monthly rent of $700. (David Krausz Decl. at ¶ 3.)

8. Mr. Krausz's tenant fell behind on rent in July 2020, and now owes approximately $2265 in unpaid rent. (David Krausz Decl. at ¶ 4.) Under South Carolina law Mr. Krausz is entitled to seek an eviction for nonpayment of rent. (David Krausz Decl. at ¶ 13.)

9. On September 11, 2020 Mr. Krausz requested a writ of ejectment from a South Carolina magistrate court, which is a process by which a sheriff evicts a tenant under South Carolina law. (David Krausz Decl. at ¶ 9.) The writ was granted, and the Richland County South Carolina Sheriff's Department scheduled an eviction of Mr. Krausz's tenant for September 21, 2020. (David Krausz Decl. at ¶ 10.)

10. Ms. Jones owns a residential property in Jesup, GA, which she leased to a tenant for a monthly rent of $450. (Sonya Jones Decl. at ¶ 3.) Ms. Jones has a currently effective lease agreement with her tenant. (Sonya Jones Decl. at ¶ 3.)

11. Ms. Jones' tenant has fallen behind on rent and now owes more than $1800 in unpaid rent. (Sonya Jones Decl. at ¶ 4.) The tenant also owes additional late fees.

(Sonya Jones Decl. at ¶ 4.) Under Georgia law Ms. Jones is entitled to seek an eviction for nonpayment of rent. (Sonya Jones Decl. at ¶ 4.)

12. On September 1, 2020, Defendant Acting Chief Witkofsky issued an order titled, *Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19.*" The CDC Order became effective upon publication in the Federal Register, which occurred on September 4, 2020. 85 Fed. Reg. 55292 (Sept. 4, 2020), *available at* https://www.govinfo.gov/content/pkg/FR-2020-09-04/pdf/2020-19654.pdf.

13. The Order said, "Under this Order, a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order." *Id*.

14. The Order applied to "covered persons" who attest that they meet five conditions. *Id*. at 55293.

15. Mr. Brown has maintained the property in compliance with all legal obligations as a landlord, and the tenant has no other defense to her nonpayment of rent. (Rick Brown Decl. at ¶ 7.) Mr. Brown is entitled to a writ of possession and a writ of eviction. (Rick Brown Decl. at ¶ 7.) Mr. Brown now intends to seek eviction of his tenant for nonpayment of rent using legal process in Virginia state courts. (Rick Brown Decl. at ¶ 9.) Based on information provided by his tenant, Mr. Brown

believes that his tenant is a "covered person" under the CDC Order, and will provide a relevant affidavit if Mr. Brown initiates eviction procedures against her. (Rick Brown Decl. at ¶ 10.)

16. Mr. Brown intends to violate the CDC Order through lawful processes under Virginia law by seeking an eviction order, and having a sheriff forcibly remove his tenant from the property. (Rick Brown Decl. at ¶ 11.) Mr. Brown intends to violate the CDC Order even if his tenant presents an attestation in eviction proceedings that she is a "covered person" as defined the CDC Order. (Rick Brown Decl. at ¶ 12.)

17. Because of the CDC Order, Mr. Brown is suffering significant economic damages, including $8,092 in unpaid rent, as well as monthly maintenance costs, damages to his property and the lost opportunity to rent or use the property at fair market value of at least $925 per month. (Rick Brown Decl. at ¶ 14.) The tenant is also insolvent (and judgment proof), and Mr. Brown will not be able to obtain any economic relief or damages from the tenant once the CDC Order expires at the end of December. (Rick Brown Decl. at ¶ 14.) Mr. Brown's only opportunity to mitigate his loss will be from ousting the tenant who is in wrongful possession of the premises and renting the property to another tenant. (Rick Brown Decl. at ¶ 14.)

18. Mr. Rondeau has complied with all legal obligations as a landlord, and his tenants had no other defense to eviction under North Carolina law. (Jeff Rondeau Decl. at ¶ 11.) On September 6, 2020, however, Mr. Rondeau's tenants provided him

with an affidavit pursuant to the CDC Order. (Jeff Rondeau Decl. at ¶ 10.) The tenant declared under penalty of perjury that all conditions required for the CDC Order applied to them. (Jeff Rondeau Decl. at ¶ 10.) Mr. Rondeau intends to use legal means under North Carolina law to remove the tenants from the property notwithstanding the CDC Order purporting to halt state eviction proceedings. (Jeff Rondeau Decl. at ¶ 12.)

19. Because of the CDC Order, Mr. Rondeau has also suffered significant economic damages, including $2100 in unpaid rent and fees, as well as monthly maintenance costs, damages to his property and the lost opportunity to rent or use the property at fair market value of at least $1000 per month. (Jeff Rondeau Decl. at ¶ 13.) His tenant has also declared that she is insolvent, meaning that his only hope to mitigate his losses will be from ousting the tenant and renting the property to another tenant. (Jeff Rondeau Decl. at ¶ 13.) Mr. Rondeau also faces the very real possibility that if he is unable to evict his tenant and earn rent prior to the Order's expiration in January 2021, he will be unable to meet his mortgage obligations and will lose his house in foreclosure. (Jeff Rondeau Decl. at ¶ 14.)

20. On September 16, 2020, Mr. Krausz's tenant provided the South Carolina court with a declaration consistent with the CDC Order, declaring that the tenant was unable to pay rent because of economic stress arising from the COVID-19 pandemic, had used best efforts to obtain available government assistance and was using best

efforts to make timely partial payments that are as close to the full payment as possible, had no other home to go to, and was making less than $99,000 annually. (David Krausz Decl. at ¶ 11.) The South Carolina court then immediately stayed the eviction. (David Krausz Decl. at ¶ 12.)

21. Mr. Krausz has maintained his property in compliance with all legal obligations as a landlord, and his tenant has no defense for her nonpayment of rent. (David Krausz Decl. at ¶ 13.) Mr. Krausz is also entitled to regain possession of his property under South Carolina law. (David Krausz Decl. at ¶ 13.) Because of the CDC Order, Mr. Krausz has incurred significant economic damages, including approximately $2,265 in unpaid rent and fees, as well as monthly maintenance costs, damages to his property and the lost opportunity to rent or use the property at fair market value of at least $700 per month. (David Krausz Decl. at ¶ 14.) The tenant is also likely insolvent, and Mr. Krausz will not likely be able to obtain any economic relief or damages from her. . (David Krausz Decl. at ¶ 14.) Mr. Krausz's only opportunity to mitigate his loss will be from ousting the tenant who is in wrongful possession of the premises and renting the property to another tenant. (David Krausz Decl. at ¶ 14.)

22. On August 24, 2020 Ms. Jones filed and served a dispossessory affidavit on her tenant consistent with Georgia law, which directed her tenant to vacate the property. (Sonya Jones Decl. ¶ 5.) Ms. Jones' tenant requested a hearing, which was

held on September 8, 2020. (Sonya Jones Decl. ¶ 6.) That was the first business day following the effective date of the CDC's order. (Sonya Jones Decl. ¶ 6.)

23. At the hearing Ms. Jones' tenant said that his challenge to the eviction was related to the COVID-19 pandemic, and the court continued all proceedings until January 2021 in purported compliance with CDC's eviction moratorium order. (Sonya Jones Decl. ¶ 7.) Based on information provided to Ms. Jones by her tenant, and the tenant's representations in court, Ms. Jones' tenant is a "covered person" as defined by the CDC order. (Sonya Jones Decl. ¶ 8.)

24. Ms. Jones maintained her property in compliance with all legal obligations as a landlord, and the tenant has no defense for their nonpayment of rent. (Sonya Jones Decl. ¶ 9.) She is also entitled to regain possession of the property under Georgia law. (Sonya Jones Decl. ¶ 9.)

25. Because of the CDC Order, Ms. Jones has incurred significant economic damages, including approximately $1,800 in unpaid rent and fees, as well as monthly maintenance costs, damages to the property and the lost opportunity to rent or use the property at fair market value of at least $450 per month. (Sonya Jones Decl. ¶ 10.) The tenant is also insolvent, and Ms. Jones will not be able to obtain any economic relief or damages from him. (Sonya Jones Decl. ¶ 10.) Ms. Jones' only opportunity to mitigate her loss will be from ousting the tenant who is in wrongful

possession of the premises and renting the property to another tenant. (Sonya Jones Decl. ¶ 10.)

26. NAA is a trade association for owners and managers of rental housing that is comprised of over 85,185 members managing more than 10 million rental units throughout the United States. (Robert Pinnegar Decl. at ¶ 1.)

27. NAA's members have tenants in jurisdictions across the country in default of their leases for nonpayment of rent. (Robert Pinnegar Decl. at ¶¶ 4-5.) Overwhelmingly, these members are unable to access lawful eviction proceedings because of the CDC Order. (Robert Pinnegar Decl. at ¶¶ 2-3.) Because of the CDC Order, NAA's members have suffered significant economic damages, including unpaid rent and fees, as well as monthly maintenance costs, damages to their property and the lost opportunity to rent or use their properties at fair market value. (Robert Pinnegar Decl. at ¶¶ 4-5.) NAA's members will be unlikely to obtain any economic relief or damages from their tenants once the CDC Order expires at the end of December because, by definition, any tenant presenting an appropriate attestation will be insolvent. (Robert Pinnegar Decl. at ¶¶ 4-5.) NAA members' only opportunity to mitigate their losses will be from ousting their tenants who are in wrongful possession of the premises. (Robert Pinnegar Decl. at ¶¶ 4-5.)

28. Plaintiffs are likely to succeed on a challenge to the CDC Order because it was issued without a statutory or regulatory basis. *See* 5 U.S.C. §§ 706(2)(B), (C).

29. Plaintiffs are likely to succeed on a challenge to the CDC Order because it constitutes arbitrary and capricious agency action. *See* 5 U.S.C. § 706(2)(A).

30. Plaintiffs are likely to succeed on a challenge to the CDC Order because it violates their right to access the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

31. Plaintiffs will suffer irreparable harm by suffering constitutional violations that cannot be remedied as well as financial harms through lost business opportunities that cannot be recovered from the tenant or the defendants.

32. The balance of equities weighs heavily in favor of an injunction or temporary restraining order because it is the public interest to ensure the CDC complies with constitutional and statutory limits.

33. CDC's Order purports to void the substantive law of every state and locality in the United States, and an immediate ruling is necessary to preserve the status quo.

34. Plaintiffs have attested to the irreparable harm that they have suffered because of the Order, and an immediate ruling is necessary to prevent further harms. (Rick Brown Decl. at ¶ 14; Jeff Rondeau Decl. at ¶¶ 13-14; David Krausz Decl. at ¶14; Robert Pinnegar Decl. at ¶ 4-5.)

WHEREFORE the Court should issue a preliminary injunction prohibiting Defendants from enforcing the CDC Order.

September 18, 2020

Respectfully,

*/s/ James W. Hawkins*
James W. Hawkins
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
5470 Blair Valley Run
Cumming, GA 30040
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com


*/s/ Caleb Kruckenberg*
**Caleb Kruckenberg**
Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036
caleb.kruckenberg@ncla.legal
(202) 869-5210
*Admitted Pro Hac Vice*
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing court filing has been prepared in 14-point Times New Roman font and complies with LR 5.1, NDGa and LR 7.1(D), NDGa.

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
*Counsel for Plaintiffs*
