IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD LEE BROWN, ET AL., | CIVIL ACTION NO.: 1:20-cv-3702-JPB |
| Plaintiffs, | |
| v. | |
| SEC. ALEX AZAR, ET AL., | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, Plaintiffs Richard Lee (Rick) Brown, Jeffrey Rondeau, David Krausz, Sonya Jones, and the National Apartment Association (NAA) move for an injunction pending interlocutory appeal against Defendants, Secretary Alex Azar, U.S. Dept. of Health and Human Services, Acting Chief of Staff Nina B. Witkofsky, and U.S. Centers for Disease Control and Prevention (collectively "CDC"), enjoining their September 1, 2020 Order, entitled *Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19*." 85 Fed. Reg. 55292 (Sept. 4, 2020).

**I. PROCEDURAL HISTORY**

CDC issued its Order on September 1, 2020, with an effective date of September 4, 2020. Plaintiffs filed a Complaint for declaratory and injunctive relief

1

on September 9, 2020 (ECF No. 1), followed by an Amended Complaint on September 18, 2020 (ECF No. 12). Plaintiffs also moved for a preliminary injunction. (ECF No. 14). After briefing and a hearing, this Court denied Plaintiffs' request in a written order on October 29, 2020 (ECF No. 48).

Plaintiffs filed a notice of interlocutory appeal on November 9, 2020. That same day, they filed this motion for an injunction pending appeal. Plaintiffs will also file a motion for an injunction pending appeal in the U.S. Court of Appeals for the Eleventh Circuit, pursuant to Rule 8 of the Federal Rules of Appellate Procedure as soon as the appeal is docketed.

## II. THERE IS A SUBSTANTIAL CASE ON THE MERITS WARRANTING AN INJUNCTION PENDING APPEAL

Federal Rule of Civil Procedure 62(d) allows a district court to "grant an injunction" "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction[.]" "This rule does not limit the power of the appellate court or one of its judges or justices … to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending." Fed. R. Civ. P. 62(g).

Different rules of procedure govern the power of district courts and courts of appeals to stay an order pending appeal. *See* Fed. R. Civ. P. 62(d); Fed. R. App. P. 8. "Under both Rules, however, the factors regulating the issuance of a stay are

generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Nken v. Holder*, 556 U.S. 418, 434 (2009).

While there is "substantial overlap" between this standard and that governing preliminary injunctions, they are not identical. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "Ordinarily the first factor is the most important. A finding that the movant demonstrates a probable likelihood of success on the merits on appeal requires that we determine that the trial court below was clearly erroneous. But the movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citations omitted). This standard, often referred to as the "serious question" standard, requires a likelihood of success that is "better than negligible" but need not be "more likely than not." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37, 37 n.7 (2d Cir. 2010) (quoting *Nken*, 556 U.S. at 434).

While this Court refused to enter a preliminary injunction, in part, because it determined that "Plaintiffs have not clearly shown a substantial likelihood of success on the merits," ECF No. 48 at 29, Plaintiffs urge this Court to enter an injunction pending appeal based on the lower "substantial case" standard. Indeed, while this Court rejected Plaintiffs' legal arguments that the CDC Order is invalid, it did not enter a final judgment on the merits of the underlying complaint, and it repeatedly invoked the "substantial likelihood" standard for a preliminary injunction. *See id.* But that is not to say that the questions presented here are not weighty, or that Plaintiffs lack a "substantial case" in their challenge to CDC's unprecedented order. *See Garcia-Mir*, 781 F.2d at 1453. The issues are certainly arguable, and present novel questions of the scope of CDC's authority to unilaterally alter substantive laws of all 50 states. This Court should therefore conclude there is, at least, a substantial case that merits an injunction pending an appeal to the Eleventh Circuit.

Similarly, while this Court also declined to find irreparable harm, it also noted that the harms facing Plaintiffs from CDC's Order are "both significant and concerning." ECF No. 48 at 59. This Court's recognition that Plaintiffs will suffer serious harms, even if this Court does not classify them as "irreparable," weighs heavily in favor of granting the injunction pending appeal while the Court of Appeals decides the substantial case presented to it. Given these acknowledged harms, this

Court should enjoin CDC's Order only until the Court of Appeals has an opportunity to rule on Plaintiffs' interlocutory appeal.

## III. CONCLUSION

For the reasons set out above, the Court should enter an injunction pending an appeal.

November 9, 2020

        Respectfully,

        */s/ James W. Hawkins*
        James W. Hawkins
        Georgia State Bar No. 338767
        JAMES W. HAWKINS, LLC
        5470 Blair Valley Run
        Cumming, GA 30040
        V: 678-697-1278
        F: 678-540-4515
        jhawkins@jameswhawkinsllc.com

        */s/ Caleb Kruckenberg*
        **Caleb Kruckenberg**
        Litigation Counsel
        New Civil Liberties Alliance
        1225 19th St. NW, Suite 450
        Washington, DC 20036
        caleb.kruckenberg@ncla.legal
        (202) 869-5210
        *Appearing Pro Hac Vice*
        *Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing court filing has been prepared in 14-point Times New Roman font and complies with LR 5.1, NDGa and LR 7.1(D), NDGa.

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Caleb Kruckenberg*
Caleb Kruckenberg
*Counsel for Plaintiffs*
