IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD LEE BROWN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, in his official capacity as Secretary, U.S. Department of Health & Human Services, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-3702-JPB |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

In a comprehensive opinion, this Court denied Plaintiffs' motion for a preliminary injunction because Plaintiffs had made none of the required showings: they failed to show a substantial likelihood of success on the merits on any claim, *see* Prelim. Inj. Order at 15-47 ("PI Order"), ECF No. 48; failed to show a substantial likelihood of irreparable injury, *see id.* at 47-61; and failed to show that the balance of the equities or the public interest weighed in their favor, *see id.* at 61-65.  Plaintiffs' motion for an injunction pending appeal, *see* Pls.' Mot.

1

for Inj. Pending Appeal ("Mot."), ECF No. 51, is subject to the same legal standards, and the Court should deny it for the same reasons.

## ARGUMENT

To obtain the "extraordinary remedy" of an injunction pending appeal, plaintiffs must show "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury . . . unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc). As with a preliminary injunction, "[f]ailure to show any of the four factors is fatal." *United States v. Alabama*, 443 F. App'x 411, 419 (11th Cir. 2011) (unpub.) (quoting *Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)).

Plaintiffs acknowledge that this Court already "refused to enter a preliminary injunction, in part, because it determined that 'Plaintiffs have not clearly shown a substantial likelihood of success on the merits.'" Mot. at 4 (quoting PI Order at 29). Plaintiffs maintain that they may nevertheless obtain an injunction pending appeal because, in their view, Circuit precedent permits entry of an injunction pending appeal "'upon a lesser showing of a substantial case on

the merits when the [remaining factors] weigh[] heavily in favor of granting the stay.'" Mot. at 3 (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citations omitted)).  Plaintiffs' argument fails for three independent reasons.

*First*, more recent precedent from the en banc Eleventh Circuit provides that a party seeking an injunction pending appeal must show "a substantial likelihood that they will prevail on the merits of the appeal."  *Touchston*, 234 F.3d at 1132; *see also Alabama*, 443 F. App'x at 419 (failure to satisfy any one factor is "fatal").  Such precedent does not contemplate the entry of an injunction whenever the legal issues are "arguable."  Mot. at 4.  Nor would it make sense, as a matter of first principles, to put district courts in the position of routinely denying preliminary injunctions under one standard only to immediately grant injunctions pending appeal under a different one.

*Second*, even under Plaintiffs' test, Plaintiffs have not raised a substantial question on any of their claims.  To the contrary, in rejecting Plaintiffs' contention that the Order fell outside CDC's statutory authority, the Court ruled that "Congress' intent, as evidenced by the plain language of the delegation provision, is clear," such that "the CDC was authorized to issue it."  PI Order at 19.  And while the Court recognized that it "could rest its conclusion on this

basis alone," *id.*, it went on to explain how "[f]urther analysis amplifies the flaws in Plaintiffs' arguments," *id.* at 20.  Similarly, in rejecting Plaintiffs' claim that the order was arbitrary and capricious, the Court explained that it "disagrees with Plaintiffs because the Order explains, in detail, why a temporary eviction moratorium is reasonably necessary."  *Id.* at 32; *see also id.* at 36 ("Simply put, the CDC has shown what it needs to . . . .").  Finally, the Court identified "three different reasons" for rejecting Plaintiffs' access-to-courts claim, *id.* at 45, including landlords' ability to pursue a breach of contract action, the Order's temporary duration, and landlords' ability to commence eviction proceedings during the pendency of the Order, *id.* at 45-47.[1]  The Court gave no indication that it thought any of these issues were particularly close calls—and indeed, they are not.

*Third*, even if a substantial question on the merits could justify an injunction pending appeal, and even if Plaintiffs had identified such a question, Plaintiffs acknowledge that under their test they would still need to demonstrate

---

[1] Indeed, the motion that Plaintiffs filed seeking identical relief from the Eleventh Circuit does not advance this claim.  *See* Mot. for Inj. Pending Appeal, *Brown v. Azar*, No. 20-14210 (11th Cir. Nov. 12, 2020).

that the remaining factors "weigh[] heavily" in their favor to obtain an injunction.  Mot. at 3.  Yet Plaintiffs make no effort to challenge this Court's rulings that they failed to establish irreparable harm and that the balance of the equities and the public interest weighed against them.  Plaintiffs merely point to the Court's observation that the harms alleged by Plaintiffs were "concerning and significant to the Court," PI Order at 59, an aside offered immediately before the Court's conclusion that "Plaintiffs simply have not met their burden to make a clear showing that their injury is noncompensable, and thus irreparable." *Id.* The Court's unchallenged holdings that Plaintiffs failed to demonstrate irreparable harm and that the balance of the equities weighed against them further doom their request for an injunction pending appeal.

* * *

In light of the Court's prior rulings, Plaintiffs surely do not expect this Court to grant their motion for an injunction pending appeal.  Rather, they apparently filed this motion for one reason alone:  they could not ask the Eleventh Circuit for such an injunction without first asking this Court.  *See* Fed. R. App. P. 8(a)(1)(C).  Plaintiffs' motion in this Court has thus already served its purpose:  Plaintiffs have checked their procedural box, and indeed they have

already filed their motion in the Eleventh Circuit, which will resolve it as it sees fit. This Court, however, should deny Plaintiffs' latest motion for the reasons it has previously given.

## CONCLUSION

Plaintiffs' motion for an injunction pending appeal should be denied.

Dated:  November 23, 2020	Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
Fax:  (202) 616-8470
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1(D), that I prepared the foregoing brief using Book Antiqua, 13-point font.

*/s/ Steven A. Myers*
STEVEN A. MYERS
United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: November 23, 2020

*/s/ Steven A. Myers*
STEVEN A. MYERS
United States Department of Justice